**SO ORDERED.**
**SIGNED this 19th day of June, 2019**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Marcia Phillips Parsons
CHIEF UNITED STATES BANKRUPTCY JUDGE

_____

*IN THE UNITED STATES BANKRUPTCY COURT FOR THE*
*EASTERN DISTRICT OF TENNESSEE NORTHEASTERN*
*DIVISION AT GREENEVILLE*

IN RE:

| | |
|---|---|
| **LAKEWAY PUBLISHERS, INC.** | Case No. 2:19-bk-51163-MPP |
| | Chapter 11 |
| Debtor. | |
| **LAKEWAY PUBLISHERS OF MISSOURI, INC.** | Case No. 2:19-bk-51164-MPP |
| | Chapter 11 |
| Debtor. | |

## ORDER

Upon Motion of Lakeway Publishers, Inc. (hereinafter "Lakeway") and Lakeway Publishers of Missouri, Inc. (hereinafter "Lakeway Missouri") on the Debtor's Motion for an

Order Authorizing the Debtor to Pay Critical Vendors, Lakeway, Lakeway Missouri, and Creditor PAGE Cooperative have reached an agreement with respect to having PAGE Cooperative paid as a critical vendor. The Parties agree to the following terms:

1. PAGE Cooperative is Lakeway and Lakeway Missouri's primary supplier of newsprint and other supplies. Failure to obtain supplies from PAGE Cooperative would place Lakeway and Lakeway Missouri's business of publishing magazines and newspapers in jeopardy.

2. PAGE Cooperative agrees to supply paper and other supplies to Lakeway and Lakeway Missouri post-bankruptcy petition on net 15 day payment terms, with the 15 days commencing on the date of the invoice. Payments of post-petition debts shall be made via check through Fed Ex Overnight shipments until Lakeway and Lakeway Missouri are able to add Automatic Clearing House (ACH) payments to their Debtor in Possession (DIP) accounts. Once ACH is added to Lakeway's respective DIP account, payments will be made to PAGE Cooperative via that method.

3. Lakeway agrees to pay PAGE Cooperative $10,000.00 per month which is to be applied to the pre-petition debt. Payments shall be due on the 21st of each month. The parties agree to revisit this amount once Lakeway's cash flow has stabilized.

4. PAGE Cooperative agrees to allow Lakeway and Lakeway Missouri to receive all rebates that Lakeway and Lakeway Missouri were entitled to pre-petition.

5. Lakeway and Lakeway Missouri agree to waive all claims that it may have against PAGE Cooperative under 11 U.S.C. 547.

6. Should Lakeway or Lakeway Missouri default on paragraphs #2, #3, or both, PAGE Cooperative may elect to stop receiving invoices from Lakeway and Lakeway Missouri

suppliers, and both Lakeway and Lakeway Missouri would need to work directly with those suppliers for future supplies. The Parties agree that even if Lakeway or Lakeway Missouri default on paragraphs #2, #3, or both, that paragraph #5 shall remain in effect.

7. In the event that PAGE Cooperative fails or refuses to ship/provide goods or services to the Debtors post-petition, unless such failure or refusal results from Lakeway or Lakeway Missouri defaulting on the payment terms set forth in this order, any amounts paid to the respective critical vendor(s) for pre-petition invoices pursuant to the terms of this Order shall be subject to disgorgement or setoff. To the extent that there has been a material adverse change (eg. Debtors' facility burns to the ground)[1] in the Debtors' financial condition, any such critical vendor(s) may move this Court for relief from the obligation to ship/provide additional goods or services. Any pre-petition amounts paid pursuant to this Order that are subsequently disgorged or setoff will be reinstated as part of the respective critical vendor(s) unsecured claim. Furthermore, the $10,000.00 payments made pursuant to paragraph #3 above made to PAGE Cooperative will be applied first to PAGE Cooperative's pre-petition invoices.

8. Due to the fact that time is of the essence and the Debtor requires the product being sold by PAGE Cooperative, this order is approved in the interim and a final hearing will be held on the relief granted in the order on July 2, 2019, at 9:00 a.m., in the Bankruptcy Courtroom, James H. Quillen United States Courthouse, Greeneville, Tennessee 37743. Any objections to the order becoming final must be filed by July 1, 2019. If no objections are filed, this order shall be considered final unless further modified by the court. Counsel for Debtors is hereby ordered to immediately serve all parties in interest a copy of this order and file a certificate of service to this effect within three (3) days of the entry of this order.

###

**APPROVED:**

Respectfully submitted,

*/s/ Ryan E. Jarrard*

Ryan E. Jarrard, Esquire
BPR No. 024525
Attorney for Debtor
**Quist, Fitzpatrick & Jarrard PLLC**
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929-2121
(865) 524-1873
rej@qcflaw.com


*/s/ Thomas H.  Dickenson*

Thomas H. Dickenson, Esquire
BPR No. 006844
Attorney for PAGE Cooperative
**Hodges Doughy & Carson, PLLC**
2121 First Tennessee Plaza
617 W Main St, Knoxville, TN 37902
(865) 292-2307
TDickenson@hdclaw.com


/s/Tiffany A. DiIorio
Tiffany A. DiIorio, Florida Bar #0719706
US Department of Justice
Office of the US Trustee
800 Market Street, Ste 114
Knoxville, TN  37902
(865) 545-4754
tiffany.diiorio@usdoj.gov

---

[1] The Parties agree that Debtors' failure to pay is not considered a "material change."