**SO ORDERED.**
**SIGNED this 3rd day of July, 2019**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Marcia Phillips Parsons
CHIEF UNITED STATES BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LAKEWAY PUBLISHERS ) | |
| OF MISSOURI INC. ) | Case No. 2:19-bk-51164-MPP |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

### INTERIM ORDER ALLOWING USE OF CASH COLLATERAL
### AND GRANTING ADEQUATE PROTECTION

After a hearing held on July 2, 2019, on Pinnacle Bank's Motion to Prohibit or Condition the Use of Cash Collateral and for Adequate Protection and the Exhibits attached thereto (hereinafter the "Motion") [**Doc. 37**], and on the Debtor's Motion to Use Cash Collateral [**Doc. 9**], the Court finds that the Debtor requires the use of cash collateral encumbered pre-petition, that the Debtor shall be entitled to use cash collateral and that Pinnacle Bank is entitled to Adequate Protection pursuant to 11 U.S.C. §§361 and 363; it is, accordingly, ORDERED as follows:

1

1. Cash Collateral Authorization.

(a) The Initial Order and the Second Interim [**Docs. 26 and 55**] are hereby adopted and incorporated herein by specific reference thereto, and the Debtor is further authorized to continue its use of the Cash Collateral through August 31, 2019 (the "Cash Collateral Period"), solely on the terms, for the purposes, and in the amounts set forth in the Budget attached hereto and made a part hereof as Exhibit A (as modified and as it may be extended from time to time in accordance with this Interim Order, the "Budget"). In furtherance of the Debtor's authorization to use the Cash Collateral subject to the limitations contained in the Budget and this Interim Order, the Debtor shall not in any event be authorized to use Cash Collateral in excess of 110% of the aggregate amount shown on the Budget during the Cash Collateral Period. If changes to the budget need to be made, the parties agree to modify or supplement this order as needed. If an agreement cannot be reached, the Debtor may file an appropriate motion to modify this order.

(b) Unless sooner terminated in accordance with the terms of this Interim Order, the Debtor's right to use the Cash Collateral shall terminate ("Termination") at 5:00 p.m. on August 31, 2019. Upon Termination, the Debtor shall immediately cease using the Cash Collateral; however, nothing herein shall be deemed a waiver of (i) the Debtor's right to seek authority to continue its use of the Cash Collateral beyond Termination, in accordance with §§ 361 and 363 of the Bankruptcy Code, or (ii) the right of any creditor to object thereto.

2. Adequate Protection. In consideration of the Debtor's use of the Collateral and Cash Collateral in accordance with the Budget and the other terms and provisions of this Interim Order, Pinnacle is granted the following "adequate protection" pursuant to Section 361 of the Bankruptcy Code (collectively the "Adequate Protection") in consideration for the use of their

2

Collateral as described in the Motion and Cash Collateral from and after the Petition Date, including any diminution in the value thereof:

(a) Pinnacle Bank is hereby granted a replacement lien (the "Adequate Protection Lien") which shall attach to the same extent and with the same priority as it existed prior to the Petition Date, and to the extent of any diminution in value of the Collateral and Cash Collateral, in all of the Debtor's post-petition assets of the same kind and description as the Collateral ("Post-Petition Collateral"). The Adequate Protection Lien shall be supplemental to the security interest which Pinnacle Bank possesses pursuant to its loan documents as described in and attached to the Motion, it being the intent of the parties to grant Pinnacle Bank a continuous and uninterrupted lien pursuant to 11 U.S.C. § 552 in the Pre- and Post-Petition Collateral.

(b) The Adequate Protection Lien granted pursuant to this Interim Order shall constitute valid and duly perfected security interest and lien and Pinnacle shall not be required to file or serve financing statements, notices of lien or similar instruments which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such security interests and liens; and the failure by the Debtor to take any action or execute any documentation relating to the Adequate Protection Lien shall in no way affect the validity, perfection, or priority of such replacement lien.

(c) The Adequate Protection Lien shall continue in full force and effect until Pinnacle Bank receives payment in full of their allowed secured claims to the extent authorized by the Court pursuant to § 506(b) of the Bankruptcy Court, and as further may be allowed by such section any such interest, fees, costs, and expenses, including reasonable attorneys' fees, whether currently existing or hereafter accrued and incurred, as provided for by the applicable loan documents.

(d)    The Debtor shall pay to Pinnacle Bank $10,000.00 per month as additional adequate protection for the use of Pinnacle Bank's Collateral through the Cash Collateral Period, beginning on July 10, 2019, and continuing from month to month on the 10th day of each month during the term of this Order. Each monthly payment shall be applied to the allowed secured claim of Pinnacle Bank. Any party in interest objecting to the monthly payment to Pinnacle Bank must file a written objection with the Court by no later than August 20, 2019. Upon receipt of a timely-filed, written objection, the Court will hold a hearing to determine the necessity of such monthly payment on August 27, 2019 at 9:00 a.m. in the Bankruptcy Courtroom, Second Floor, James H. Quillen U.S. Courthouse located at 220 West Depot Street, Greeneville, TN 37743.

3.    Insurance. The Debtor shall maintain all necessary insurance (including, without limitation, fire, hazard, comprehensive, public liability, and workmen's compensation) for its business and assets including, but not limited to, the Collateral and Post-Petition Collateral, in accordance with the obligations under the loan documents attached to the Motion and as may be required under any applicable operating guidelines of the United States Trustee, naming Pinnacle Bank as loss payee, mortgagee and additional insureds with respect thereto, as the case may be.

4.    Termination of Cash Collateral Usage. Upon Termination, the Debtor shall be prohibited from using the Cash Collateral, absent further order of this Court.

5.    Without Prejudice. This Interim Order is without prejudice to any subsequent request by a party in interest for modified adequate protection or restrictions on use of Cash Collateral; or any other right or remedy which may be available to Pinnacle Bank.

6.    Miscellaneous.

(a)    The provisions of this Interim Order, and any actions taken pursuant hereto, shall

4

survive entry of any order which may be entered (a) confirming any plan of reorganization in the Chapter 11 Case, (b) converting the Chapter 11 Case to a Chapter 7 case, or (c) dismissing the Chapter 11 Case, and the terms and provisions of this Interim Order as well as the Adequate Protection and the Adequate Protection Lien, granted pursuant to this Interim Order shall continue in full force and effect notwithstanding the entry of such order.

(b)     The Debtor is authorized to perform all acts that are deemed reasonably necessary by the Debtor to effectuate the terms and conditions of this Interim Order.

7.     Interim Basis of Order. That the terms and provisions of this Interim Order are on an interim basis and neither the Debtor nor Pinnacle Bank shall be prejudiced by the terms and provisions of this Order with respect to any Plan submitted by the Debtor or the Bank in this Proceeding.

8.     Reservation of Rights. Any and all issues pertaining to the extent, validity, and priority of the pre-petition and post-petition security interests and liens of Pinnacle Bank are reserved pending further orders of the Court; further, Pinnacle Bank's right to request additional adequate protection or to take other action authorized by the Bankruptcy Code to protect its interests are also reserved.

9.     Trustee's Fees and Monthly Operating Reports. That the Debtor shall timely pay fees to the United States Trustee and shall timely file and serve copies of the Monthly Operating Reports as required by Federal Rule of Bankruptcy Procedure 2015.3(a). Upon Debtor's failure to comply with any of the terms of this Order, the U.S. Trustee may file a Certificate of Non-Compliance and the case will be dismissed or converted upon notice and hearing.

10.    Final Hearing. That a final hearing on the approval of the Motion is scheduled for

August 27, 2019, at 9:00 a.m. in the Bankruptcy Courtroom, Second Floor, James H. Quillen U.S. Courthouse located at 220 West Depot Street, Greeneville, TN 37743. The Debtor shall serve this Interim Order (which shall constitute adequate notice of the Final Hearing) within three business days from the date of entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(1)(C), plus any other party that has filed a request for notices with the Court and to the Office of the United States Trustee. Any party in interest objecting to the relief sought in the Motion shall submit any objection in writing no later than August 20, 2019.

11.  <u>Continued Hearing Date.</u>  That the hearing on the Motion is continued to August 27, 2019 at 9:00 a.m. in the Bankruptcy Courtroom, Second Floor, James H. Quillen U.S. Courthouse located at 220 West Depot Street, Greeneville, TN 37743. This Order shall remain effective until the entry of the Order arising out of the adjourned hearing. The Debtor is hereby ordered to serve all interested parties as required by LR 4001.

###

APPROVED FOR ENTRY:

WINCHESTER, SELLERS,
FOSTER & STEELE, P.C.

_/s/Walter N. Winchester_
Walter N. Winchester, TN BPR# 014530
P.O. Box 2428
Knoxville, TN   37901-2428
(865) 637-1980
wwinchester@wsfs-law.co
Attorneys for Pinnacle Bank

*/s/ Ryan E. Jarrard*
Ryan E. Jarrard, TN BPR #024525
2121 First Tennessee Plaza
Knoxville, TN 37929-9711
(865) 524-1873
rej@qcflaw.com
Attorney for the Debtor in Possession


*/s/Tiffany A. DiIorio*
Tiffany A. DiIorio, Florida Bar #0719706
US Department of Justice
Office of the US Trustee
800 Market Street, Ste 114
Knoxville, TN   37902
(865) 545-4754
tiffany.diiorio@usdoj.gov

# Lakeway Publishers, Inc. (MO)
## 6 Months Statement of Cash Flow
### Periods of Jul 2019 - Aug 2019

| Description | Month Jul-19 | Month Aug-19 |
|---|---|---|
| Cash In Bank | 10,462 | 5,556 |
| Expected Revenue/Cash Collections | 508,460 | 535,049 |
| Capital Infusion | | |
| LOC | | |
| **Total Available Funds** | **518,922** | **540,604** |
| Postage/Mail Services | 57,200 | 57,200 |
| Payroll | 132,000 | 132,000 |
| Bank Payment | 10,000 | 10,000 |
| Merchant Services Fees | 1,200 | 1,200 |
| Bank Analysis Fee | 1,500 | 1,500 |
| Contractor Pay | 12,000 | 17,500 |
| 3rd Party Commissions | 500 | 500 |
| Payroll Taxes | 39,600 | 39,600 |
| Health Savings Account | 700 | 700 |
| 401K | 1,320 | 1,320 |
| BC/BS | 9,000 | 9,000 |
| Mutual of Omaha | 1,060 | 1,060 |
| Medicare Supplements | 350 | 350 |
| Workers Comp | 1,500 | 1,500 |
| General Liability Ins | 5,500 | 5,500 |
| L Geist | 2,133 | |
| MO S & U | 3,500 | 3,500 |
| Garnishments | 324 | 324 |
| Rents | 1,086 | 1,086 |

## Lakeway Publishers, Inc. (MO)
## 6 Months Statement of Cash Flow
## Periods of Jul 2019 - Aug 2019

| Description | Month Jul-19 | Month Aug-19 |
|---|---|---|
| Utilities | 7,500 | 7,800 |
| Telephone, Cellphone, and Internet | 3,700 | 3,700 |
| Vehicle Trans & Exp | 4,500 | 4,500 |
| Transportation & Delivery | 15,850 | 15,850 |
| Equipment Lease & Usage | 45,000 | 45,000 |
| Page - Newsprint & Paper | 92,000 | 92,000 |
| Printing Outsourced | 16,337 | 14,247 |
| Chemicals | 385 | 595 |
| Comics Supplements | 50 | 40 |
| Features Purchased | 96 | 80 |
| Press Wire Services | 135 | 120 |
| Mat Services | 750 | 750 |
| Ink | 6,500 | 6,500 |
| Dues Fees & Subscriptions | 1,000 | 1,000 |
| Repairs and Maintenance | 8,562 | 10,119 |
| Online Services | 5,500 | 5,500 |
| 401K Audit/I Tax Prep/Audit | | 8,500 |
| Resale Expense | 1,541 | 1,550 |
| Advertising & Promotions | 2,342 | 2,822 |
| Computer Services Fees | 11,145 | 11,145 |
| Ink, Mail Bindings, Misc. Office Supplies | 8,500 | 8,500 |
| Life Ins Policies | | |
| Training & Education | 500 | 500 |
| Misc. Vendors (customer refunds, small items like petty cash, vending company, etc) | 1,000 | 1,000 |

# Lakeway Publishers, Inc. (MO)
## 6 Months Statement of Cash Flow
### Periods of Jul 2019 - Aug 2019

| Description | Month<br>Jul-19 | Month<br>Aug-19 |
|---|---|---|
| Total Expenses | 513,366 | 525,658 |
| Funds Available in Bank | 5,556 | 14,946 |