**SO ORDERED.**
**SIGNED this 28th day of August, 2019**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Marcia Phillips Parsons
CHIEF UNITED STATES BANKRUPTCY JUDGE

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LAKEWAY PUBLISHERS, INC. ) | Case No. 2:19-bk-51163-MPP |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

### INTERIM ORDER ALLOWING USE OF CASH COLLATERAL
### AND GRANTING ADEQUATE PROTECTION

After a hearing held on July 2, 2019, on Pinnacle Bank's Motion to Prohibit or Condition the Use of Cash Collateral and for Adequate Protection and the Exhibits attached thereto (hereinafter the "Motion") [**Doc. 36**], and on the Debtor's Motion to Use Cash Collateral [**Doc. 10**], the Court finds that the Debtor requires the use of cash collateral encumbered pre-petition, that the Debtor shall be entitled to use cash collateral and that Pinnacle Bank is entitled to Adequate Protection pursuant to 11 U.S.C. §§361 and 363; it is, accordingly, ORDERED as follows:

1. <u>Cash Collateral Authorization</u>.

(a)     The Initial Order and the Second Interim **[Docs. 29 and 50]** are hereby adopted and incorporated herein by specific reference thereto, and the Debtor is further authorized to continue its use of the Cash Collateral through September 10, 2019 (the "Cash Collateral Period"), solely on the terms, for the purposes, and in the amounts set forth in the Budget attached hereto and made a part hereof as Exhibit A (as modified and as it may be extended from time to time in accordance with this Interim Order, the "Budget").  In furtherance of the Debtor's authorization to use the Cash Collateral subject to the limitations contained in the Budget and this Interim Order, the Debtor shall not in any event be authorized to use Cash Collateral in excess of 110% of the aggregate amount shown on the Budget during the Cash Collateral Period.

(b)     Unless sooner terminated in accordance with the terms of this Interim Order, the Debtor's right to use the Cash Collateral shall terminate ("Termination") at 5:00 p.m. on September 10, 2019.  Upon Termination, the Debtor shall immediately cease using the Cash Collateral; however, nothing herein shall be deemed a waiver of (i) the Debtor's right to seek authority to continue its use of the Cash Collateral beyond Termination, in accordance with §§ 361 and 363 of the Bankruptcy Code, or (ii) the right of any creditor to object thereto.

2.     Adequate Protection.  In consideration of the Debtor's use of the Collateral and Cash Collateral in accordance with the Budget and the other terms and provisions of this Interim Order, Pinnacle is granted the following "adequate protection" pursuant to Section 361 of the Bankruptcy Code (collectively the "Adequate Protection") in consideration for the use of their Collateral as described in the Motion and Cash Collateral from and after the Petition Date, including any diminution in the value thereof:

(a)     Pinnacle Bank is hereby granted a replacement lien (the "Adequate Protection

Lien") which shall attach to the same extent and with the same priority as it existed prior to the Petition Date, and to the extent of any diminution in value of the Collateral and Cash Collateral, in all of the Debtor's post-petition assets of the same kind and description as the Collateral ("Post-Petition Collateral"). The Adequate Protection Lien shall be supplemental to the security interest which Pinnacle Bank possesses pursuant to its loan documents as described in and attached to the Motion, it being the intent of the parties to grant Pinnacle Bank a continuous and uninterrupted lien pursuant to 11 U.S.C. § 552 in the Pre- and Post-Petition Collateral.

(b)     The Adequate Protection Lien granted pursuant to this Interim Order shall constitute valid and duly perfected security interest and lien and Pinnacle shall not be required to file or serve financing statements, notices of lien or similar instruments which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such security interests and liens; and the failure by the Debtor to take any action or execute any documentation relating to the Adequate Protection Lien shall in no way affect the validity, perfection, or priority of such replacement lien.

(c)     The Adequate Protection Lien shall continue in full force and effect until Pinnacle Bank receives payment in full of their allowed secured claims to the extent authorized by the Court pursuant to § 506(b) of the Bankruptcy Court, and as further may be allowed by such section any such interest, fees, costs, and expenses, including reasonable attorneys' fees, whether currently existing or hereafter accrued and incurred, as provided for by the applicable loan documents.

(d)     The Debtor shall pay to Pinnacle Bank $22,500.00 per month as additional adequate protection for the use of Pinnacle Bank's Collateral through the Cash Collateral Period, beginning on July 10, 2019, and continuing from month to month on the 10th day of each month during the

term of this Order. Each monthly payment shall be applied to the allowed secured claim of Pinnacle Bank. ~~Any party in interest objecting to the monthly payment to Pinnacle Bank must file a written objection with the Court by no later than July 26, 2019. Upon receipt of a timely-filed, written objection, the Court will hold a hearing to determine the necessity of such monthly payment on July 30, 2019 at 10:00 a.m. in the Bankruptcy Courtroom, Second Floor, James H. Quillen U.S. Courthouse located at 220 West Depot Street, Greeneville, TN 37743.~~

     3.     <u>Insurance</u>. The Debtor shall maintain all necessary insurance (including, without limitation, fire, hazard, comprehensive, public liability, and workmen's compensation) for its business and assets including, but not limited to, the Collateral and Post-Petition Collateral, in accordance with the obligations under the loan documents attached to the Motion and as may be required under any applicable operating guidelines of the United States Trustee, naming Pinnacle Bank as loss payee, mortgagee and additional insureds with respect thereto, as the case may be.

     4.     <u>Termination of Cash Collateral Usage</u>. Upon Termination, the Debtor shall be prohibited from using the Cash Collateral, absent further order of this Court.

     5.     <u>Without Prejudice</u>. This Interim Order is without prejudice to any subsequent request by a party in interest for modified adequate protection or restrictions on use of Cash Collateral; or any other right or remedy which may be available to Pinnacle Bank.

     6.     <u>Miscellaneous</u>.

     (a)     The provisions of this Interim Order, and any actions taken pursuant hereto, shall survive entry of any order which may be entered (a) confirming any plan of reorganization in the Chapter 11 Case, (b) converting the Chapter 11 Case to a Chapter 7 case, or (c) dismissing the Chapter 11 Case, and the terms and provisions of this Interim Order as well as the Adequate

Protection and the Adequate Protection Lien, granted pursuant to this Interim Order shall continue in full force and effect notwithstanding the entry of such order.

(b)     The Debtor is authorized to perform all acts that are deemed reasonably necessary by the Debtor to effectuate the terms and conditions of this Interim Order.

7.     <u>Interim Basis of Order.</u>     That the terms and provisions of this Interim Order are on an interim basis and neither the Debtor nor Pinnacle Bank shall be prejudiced by the terms and provisions of this Order with respect to any Plan submitted by the Debtor or the Bank in this Proceeding.

8.     <u>Reservation of Rights.</u> Any and all issues pertaining to the extent, validity, and priority of the pre-petition and post-petition security interests and liens of Pinnacle Bank are reserved pending further orders of the Court; further, Pinnacle Bank's right to request additional adequate protection or to take other action authorized by the Bankruptcy Code to protect its interests are also reserved.

9.     <u>Trustee's Fees and Monthly Operating Reports.</u> That the Debtor shall timely pay fees to the United States Trustee and shall timely file and serve copies of the Monthly Operating Reports as required by Federal Rule of Bankruptcy Procedure 2015.3(a).   Upon Debtor's failure to comply with any of the terms of this Order, the U.S. Trustee may file a Certificate of Non-Compliance and the case will be dismissed or converted upon notice and hearing.

10.     <u>Final Hearing.</u>  That a final hearing on the approval of the Motion is scheduled for September 10, 2019, at 9:00 a.m. in the Bankruptcy Courtroom, Second Floor, James H. Quillen U.S. Courthouse located at 220 West Depot Street, Greeneville, TN 37743.  The Debtor shall serve this Interim Order (which shall constitute adequate notice of the Final Hearing) within three

business days from the date of entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(1)(C), plus any other party that has filed a request for notices with the Court and to the Office of the United States Trustee.  Any party in interest objecting to the relief sought in the Motion shall submit any objection in writing no later than September 6, 2019.

11. <u>Continued Hearing Date.</u>    That the hearing on the Motion is continued to September 10, 2019 at 9:00 a.m. in the Bankruptcy Courtroom, Second Floor, James H. Quillen U.S. Courthouse located at 220 West Depot Street, Greeneville, TN 37743.  This Order shall remain effective until the entry of the Order arising out of the adjourned hearing.

###

APPROVED FOR ENTRY:

WINCHESTER, SELLERS,
FOSTER & STEELE, P.C.

*/s/Walter N. Winchester*
Walter N. Winchester, TN BPR# 014530
P.O. Box 2428
Knoxville, TN   37901-2428
(865) 637-1980
wwinchester@wsfs-law.com
Attorneys for Pinnacle Bank

*/s/ Ryan E. Jarrard*
Ryan E. Jarrard, TN BPR #024525
2121 First Tennessee Plaza
Knoxville, TN 37929-9711
(865) 524-1873
rej@qcflaw.com
Attorney for the Debtor in Possession

*/s/Tiffany A. DiIorio*
Tiffany A. DiIorio, Florida Bar #0719706
US Department of Justice
Office of the US Trustee
800 Market Street, Ste 114
Knoxville, TN   37902
(865) 545-4754
tiffany.diiorio@usdoj.gov